**618**

La MAUR, INC., Plaintiff-Appellee,

v.

ALBERTO–CULVER COMPANY and Leonard H. Lavin & Company, Defendants-Appellants.

ALBERTO–CULVER COMPANY and Capitol Packaging Co., Counterclaimants-Appellants,

v.

La MAUR, INC., Counterdefendant-Appellee.

No. 73–1713.

United States Court of Appeals, Eighth Circuit.

Submitted April 17, 1974.

Decided May 14, 1974.

Rehearing Denied June 14, 1974.

W. Thomas Hofstetter, Chicago, Ill., for appellants.

Harold D. Field, Jr., Leonard, Street & Deinard, Minneapolis, Minn., for appellee.

* TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

Before HEANEY and STEPHENSON, Circuit Judges, and TALBOT SMITH,* Senior District Judge.

PER CURIAM.

This appeal is from the holding of the United States District Court for the District of Minnesota** that the Alberto-Culver Company's hair product "Blondes American Style" infringed upon the La Maur, Incorporated, trademark "Style" and the family of trademarks derived therefrom. The opinion is reported at 179 U.S.P.Q. 607 (1973).

Appellant, Alberto-Culver, claims here, as it did in its counterclaim below, that the La Maur "Style" trademark should be cancelled and that La Maur is in violation of the antitrust laws. Alberto-Culver also claims that the trial court erred in several other aspects, contending primarily that the record in the case shows no evidence of any likelihood of confusion between the La Maur and Alberto-Culver marks. According to Alberto-Culver, the marks are not similar in sound, appearance or meaning; further, the trial court did not consider this fact and therefore its finding of likelihood of confusion is clearly erroneous.

After careful consideration of the entire record we are satisfied that the district court's determination that the "requisite 'likelihood of confusion' exists", is based on findings that are not clearly erroneous and that no error of law appears.

Implicit throughout the trial court's exhaustive examination of the facts and law is the overriding consideration of trademark similarity. The findings of the district court are amply supported by the record. Further amplification of the trial court's opinion would serve no useful purpose.

Accordingly we affirm on the basis of the trial court's extensive and well-reasoned opinion.

** Honorable Earl Larson.